

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 11, 1957

Hon. John Osorio, Chairman
Board of Insurance Commissioners
International Life Building
Austin, Texas

Opinion No. WW-56

Re: Whether a county mutual insurance
company may write insurance on
risks in states other than Texas?

Dear Mr. Osorio:

You have requested our opinion on the following question:

"May a county mutual insurance company
write insurance on risks in states other than
Texas?"

In your opinion request you have called our attention to Article 17.16 of the Insurance Code. This section of the Code was formerly Article 4860a-20, Section 15, Vernon's Civil Statutes, Acts 1937, 45th Legislature, page 184, chapter 99, paragraph 15. The statute then read as follows:

"A county mutual insurance company may
write insurance (a) in any county adjoining
the county in and for which it is organized,
or (b) in any county in which no county mu-
tual insurance company has been organized,
or (c) anywhere, if its reserve fund or pol-
icyholders contingent liability, or both such
reserve fund and contingent liability taken
together, exceed the sum of Fifty Thousand
($50,000.00) Dollars." (Emphasis supplied).

The identical question you have propounded to us was the matter of Attorney General's Opinion No. V-729, dated December 9, 1948, wherein it was concluded that a county mutual insurance company with a reserve fund or policyholders contingent liability, or both, taken together, in excess of

$50,000.00, might write insurance outside of Texas. This opinion was, of course, based upon the language of the statute as it was at that time. The opinion was bottomed upon the use of the word "anywhere" in Subsection (c). In enacting the 1951 Code (Acts 1951, 52nd Legislature, chapter 491), the Legislature chose to leave the word, "anywhere" in Subsection (c), and incorporated what had been Section 15 of Article 4860a-20, Section 15, V.C.S., into Articles 17.16 and 16.07 of the Insurance Code. Thereafter, in 1953, the Legislature amended Chapter 17 of the Insurance Code. (Acts 1953, 53rd Legislature, chapter 196, page 540). The amendatory statute included a variety of changes limiting the operations of county mutuals. Amended Article 17.16 provided:

> "A county mutual insurance company possessed of Ten Thousand ($10,000.00) Dollars or more in surplus, as provided in Article 17.11, may write insurance in any county adjoining the county in and for which it is organized; and such company possessing as much as Twenty-five Thousand ($25,-000.00) Dollars in such surplus may write insurance <u>anywhere within this State</u>." (Emphasis supplied).

The amendment made three changes in the then existing law, i.e., (1) requiring Ten Thousand ($10,000.00) Dollars or more, in surplus to write insurance in an adjoining county, (2) requiring Twenty-five Thousand $25,000.00) Dollars surplus to write insurance on a state-wide basis, and (3) addition of the words, "within this State" after the word "anywhere."

The courts have declared that the mere fact that the Legislature enacts an amendment indicates that it thereby intended to change the original Act by creating a new right or withdrawing an existing one. 1 Sutherland, <u>Statutory Construction</u>, p. 412; <u>McLaren v. State</u>, 82 Tex.Crim.App. 449, 199 S.W. 811 (1917); <u>American Surety Company v. Axtell Co.</u>, 120 Tex. 166, 36 S.W.2d 715 (1931).

It is within the power of the Legislature to prohibit the insurance company from doing business outside the State. If the Legislature had not intended, by such amendment, to restrict the activities of a county mutual insurance company to doing business within the State then the phrase "within this State" would be mere surplusage, and the change would have been useless. As stated in <u>Independent Life Insurance Company of America v. Work, District Judge, et al.</u>, 77 S.W.2d 1036 (S. Ct. Tex. 1934):

"The rule is elementary that we must give some effect to changes in the words of legislative acts, and must also construe their words, so as to accomplish the legislative intent."

The language in question contained in the 1953 amendment was not changed by the 1955 amendment of Article 17.16 (Acts 1955, 54th Legislature, page 413, chapter 117, paragraph 36).

In the opinion request you direct our attention to the provisions of Article 17.25, Section 1, of the Insurance Code, which deals with the regulation of county mutual insurance companies. The provisions of this subsection do not directly relate to the question you have asked us, and are not controlling, inasmuch as Article 17.16 specifically deals with the matter of the sphere of operation.

### SUMMARY

A county mutual insurance company may not write insurance on risks in states other than Texas.

Very truly yours,

WILL WILSON
Attorney General

By
 Wallace P. Finfrock
Assistant

WPF:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler
        Chairman